Kimberly A. Deater
FEDERAL DEFENDERS OF EASTERN WASHINGTON AND IDAHO
10 North Post, Suite 700
Spokane, Washington 99201
(509) 624-7606

Attorneys for Defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
(HONORABLE LONNY R. SUKO)

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> KEVIN ELLISON, <br><br> Defendant. | CR-12-072-LRS <br> Memorandum in Support of <br> Defendant's Motion <br> to Suppress Evidence <br><br> Evidentiary Hearing Requested |

TO: MICHAEL C. ORMSBY, UNITED STATES ATTORNEY
AINE AHMED, ASSISTANT UNITED STATES ATTORNEY

KEVIN ELLISON, through undersigned counsel, submits the following Memorandum in Support of his Motion to Suppress Evidence.

## I. Background[1]

On the morning of June 14, 2012, Mr. Ellison was in his apartment when a fire began in his bedroom. Mr. Ellison eventually was forced to jump from a third-story window. Paramedics arrived at the scene. They treated Mr. Ellison and transported him to Deaconess Medical Center.

---

[1]The background is taken largely from the government's discovery and is in no way an admission by Mr. Ellison.

Memorandum re: Defendant's Motion to Suppress

1

Once at the Medical Center, Mr. Ellison was taken to an exam room. He was treated for smoke inhalation and burns. He was also given two Hydrocodone pills at 7:30 a.m.

Shortly after taking the narcotic pain medication, Deputy Fire Marshal Clifton Mehaffey arrived at the hospital and went into Mr. Ellison's room.

Investigator Mehaffey began interviewing Mr. Ellison about the fire, but did not initially read Mr. Ellison his rights. Mr. Ellison responded to the investigator's questions for approximately 30 minutes. During that time, Mr. Ellison made several incriminating statements.

The investigator then read Mr. Ellison his *Miranda* warnings and repeated the questions he had asked prior to the giving *Miranda* warnings. Mr. Ellison repeated his previously given *unMirandized* statements.

At some point, Mr. Ellison received a call from a family member and the investigator left the room to speak with others. When the investigator returned, Mr. Ellison informed him that he wanted an attorney and did not want to speak further. The investigator remained in Mr. Ellison's room taking pictures and talking to others who were visiting Mr. Ellison.

The hospital contacted Spokane County Mental Health requesting an evaluation for Mr. Ellison. The Mental Health professional met with Mr. Ellison and she advised that she believed he qualified for

Memorandum re: Defendant's Motion to Suppress

2

detainment within a psychiatric facility.  However, Mr. Ellison was shortly thereafter arrested and taken into federal custody.

**II.  Law and Argument**

Mr. Ellison's statements require suppression for two reasons:

1. His statements were taken in violation of Miranda and its progeny.
2. Given his emotional and physical state, his statements were not voluntarily given.

Statements made in response to a custodial interrogation must be suppressed unless the interrogating officers comply with the requirements of *Miranda v. Arizona*, 384 U.S. 436 (1966). *See, Dickerson v. United States*, 530 U.S. 428, 432 (2000).  A defendant's waiver of *Miranda* rights must be knowing, voluntary and intelligent.  *United States v. Garibay*, 143 F.3d 534, 537 (9th Cir. 1998).  There is a presumption against waiver of *Miranda. Id.*, at 537.

The validity of a waiver of *Miranda* must be determined in each case through an examination of the facts and circumstances, including the background, experience and conduct of the accused.  *North Carolina v. Butler*, 441 U.S. 369, 373 (1979).  The Government bears a heavy burden to demonstrate that the defendant waived his *Miranda* rights.  *Escobedo v. Illinois*, 378 U.S. 478, 490 n. 14 (1964).

Before the government can introduce incriminating statements in it's case-in-chief it must prove a voluntary, knowing and intelligent waiver of the accused *Miranda* rights.  *Miranda v. Arizona*, 384 U.S. 436

Memorandum re: Defendant's Motion to Suppress

3

(1966). The court will not presume a waiver from a defendant's silence or subsequent confession. *Miranda*, 384 U.S. at 475; *See North Carolina v. Butler*, 441 U.S. 369, 373 (1979)(Courts must presume that a defendant did not waive rights). In assessing the validity of a waiver, courts analyze the totality of the circumstances surrounding the interrogation. *Moran v. Burbine*, 475 U.S. 412, 421 (1986). Factors considered in this analysis include the suspect's age, *Woods v. Clusen*, 794 F.2d 293 (7th Cir.1986); familiarity with the criminal justice system, *United States v. Cruz-Jimenez*, 749 F.2d 1 (1st Cir. 1990); and, explicitness of the waiver *United States v. Binder*, 769 F.2d 595 (9th Cir. 1985).

To satisfy its burden of proving a valid waiver of Miranda, the government must introduce sufficient evidence to establish that under the totality of the circumstances, the defendant was aware of the nature of the right being abandoned and the consequences of the decision to abandon it. *Garibay*, 143 F.2d at 536, quoting *Moran v. Burbine*, 475 U.S. at 421. The government's burden to establish a valid waiver is a heavy one and the court must indulge every reasonable inference against waiver. *Garibay*, 143 F.2d at 536.

The government has a separate and distinct burden to prove the voluntariness of any statement of the defendant. *Jackson v. Denno*, 378 U.S. 368 (1968); 18 U.S.C. § 3501. The trial court must determine the voluntariness of any statement at a hearing out of the presence of the jury. The determination of voluntariness involves a consideration of the

Memorandum re: Defendant's Motion to Suppress

4

totality of facts and circumstances including the age, education, and circumstances of the accused at the time the statement was given. The factors include those set forth at 18 U.S.C. § 3501(b). Title 18 U.S.C. § 3501(b) states in pertinent part:

>   (1)   the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment;
>   (2)   whether such defendant knew the nature of the offence with which he was charged or of which he was suspected at the time of making the confession;
>   (3)   whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him;
>   (4)   whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel; and
>   (5)   whether or not such defendant was without the assistance of counsel when questioned and when giving such confession.
>
> The presence or absence of any of the above mentioned factors to be taken into consideration by the judge need not be conclusive on the issue of voluntariness of the confession.

Moreover, the determination of voluntariness of a confession or admission requires consideration of the physical condition of the accused as well as the general mental status of the accused at the time the statement is given. *See Crane v. Kentucky*, 476 U.S. 683, 688 (1986) and *Blackburn v. Alabama*, 361 U.S. 199, 207-208(1960).

Mr. Ellison was under the influence of narcotics prescribed to him by the hospital staff. Further, he had just suffered a traumatic event and may well have been suffering from shock. Moreover, he was clearly exhibiting signs of a mental health disorder because the hospital contacted a mental health professional who recommended that Mr.

Ellison be involuntarily committed.

The government bears a heavy burden to show that Mr. Ellison was properly advised of his Miranda rights; understood those rights, knowingly and intelligently waived those rights and that any statements were voluntarily given.

Under these circumstances, it does not appear the government can meet its burden.

Dated: July 26, 2012

                                  Respectfully Submitted,

                                  S/ Kimberly A. Deater
                                  WA 28230
                                  Attorneys for Ellison
                                  Federal Defenders of
                                  Eastern Washington and Idaho
                                  10 North Post, Suite 700
                                  Spokane, Washington 99201
                                  Telephone: (509) 624-7606
                                  Fax: (509) 747-3539
                                  Email: Kim_Deater@fd.org

**CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: AINE AHMED, Assistant United States Attorney.

> S/ Kimberly A. Deater
> WA 28230
> Attorneys for Ellison
> Federal Defenders of
> Eastern Washington and Idaho
> 10 North Post, Suite 700
> Spokane, Washington 99201
> Telephone: (509) 624-7606
> Fax: (509) 747-3539
> Email: Kim_Deater@fd.org